IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

**DEREK BROWDER,**
    Plaintiff,

v.

**HOWARD LOGISTICS, INC.,**

    Defendant.

---

## COMPLAINT

---

Plaintiff Derek Browder ("Browder" or "Plaintiff") states the following Complaint against Defendant Howard Logistics, Inc., ("Howard" or "Defendant").

### NATURE OF ACTION

Browder brings this action for damages as a result of Defendant's discrimination against him on the basis of his disability, and as a result of its retaliation against him in violation Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990).

### PARTIES

1. Browder is a male citizen of the State of Colorado and a member of a protected class of individuals recognized under the Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 1014 Stat. 328 (1990).

2. Defendant is a Colorado corporation. It is an "employer" as defined in Title VII, 42 U.S.C. §2000e et seq.

3. Browder was employed by Defendant during all relevant time periods.

## JURISDICTION

4. Jurisdiction is invoked pursuant to the Americans with Disabilities Act of 1990, Pub. L. No. 101- 336, 104 Stat. 328 (1990).

## ADMINISTRATIVE PROCEDURES

5. Browder has timely and properly exhausted his administrative remedies by filing an initial Charge with the Colorado Civil Rights Division ("CCRD") that was dual filed with the Equal Employment Opportunity Commission ("EEOC"), on May 19, 2016, based upon grounds of disability discrimination and retaliation.

6. On December 8, 2016, Browder requested a Right to Sue on the grounds that more than 180 days has elapsed since the Chare of Discrimination was filed. Plaintiff's request for right to sue was granted on December 21, 2016, by the CCRD.

7. This lawsuit is timely filed within 90 days after Browder's receipt of a Notice of Right to Sue from the CCRD dated December 21, 2016.

## FACTUAL ALLEGATIONS

8. Browder was hired by Defendant on or around January 1, 2014, as a Fork Lift Operator. At all relevant times, Greg McKinney was the Division Manager, Carl Porter ("Porter") was the Manager at the 38th Street warehouse.

9. Browder was interested in the position because the forklift he would be operating was one where he was able to sit down while operating it.

10. During Browder's initial interview, in December 2014, he told the approximately six people who were interviewing him, including Porter, that he had suffered a near death accident and had a disability as a result of it. Browder discussed that he needed accommodations, mainly the ability to sit down, during this interview.

11. Browder also stated that he was on medication because of his disability. The HR representative asked Browder if the medication would cause any issues with operating equipment. Browder stated it did not and the HR representative did not inquire further and never asked what the medication was.

12. Browder was never written up, reprimanded or disciplined by Defendant during his employment.

13. Nearly every employee at the 38th Warehouse and the Tower Road location was aware that Browder had a disability and that he could not stand all day.

14. In April 2016, Browder was moved to the Tower Road location for what he was told was a "temporary" assignment. Porter told Browder that the Tower location needed help for one day. Browder told Yardley that the way he was talking it sounded like a permanent position and Yardley confirmed it was permanent.

15. The position that Browder was placed in at the Tower location used forklifts that required operators to stand up on them. There were positions that used sit down forklifts.

16. Browder immediately told Eric Yardley ("Yardley"), the Tower Road supervisor, about his disability and that he could not stand on the forklift all day. Yardley just asked if Browder wanted to keep working there.

17. Browder then complained to Yardley that he could not keep working on the stand up forklift. Yardley told Browder that he knew of a place Browder could go and said that he (Yardley) would get a hold of HR to see if Browder could be moved. Yardley never contacted HR.

18. Upon information and belief, the 38th warehouse location was still operating and had employees.

19. Yardley was aware that Browder had a disability and needed accommodations. Yardley and Defendant refused to have a meaningful conversation with Browder about his needing accommodations.

20. After Browder told Yardley about his disability, Yardley stated that he would talk to Joe in HR and get back to Browder. Browder never heard anything.

21. On April 29, 2016, as Browder was leaving for the day, Yardley told Browder that he would see him tomorrow (Saturday) which was Browder's day off. When Browder said it was his day off (and that he had plans) Yardley told Browder to surrender his badge and that he was terminated. Browder then stated that he could change his plans because he did not want to be fired but Yardley said "we are tired of your excuses." Browder was then walked out of the warehouse and terminated.

## FIRST CLAIM FOR RELIEF
### (Disability Discrimination-ADA)

22. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 21.

23. Defendant is an employer as that term is defined under the Americans with Disabilities Act, Pub. L. No. 101-336, 104 Stat. 328 (1990) ("ADA").

24. Browder has a qualifying disability.

25. Defendant willfully and intentionally subjected Browder to disability discrimination.

26. Defendant knew its action violated Title VII and the ADA or it was recklessly indifferent in that regard.

27. Defendant failed to have any meaningful discussion regarding accommodations with Browder during Browder's employment in violation of the ADA.

28. Browder was discharged from his position as a forklift operator due to the fact that he had a disability.

29. As a direct and proximate result of the foregoing actions and conduct of Defendant, Browder has suffered, and will continue to suffer, damages including but not limited to loss of front and back wages, earnings, diminution of future earning capacity, non-economic damages such as, but not limited to, mental anguish, inconvenience, attorney fees, costs and expenses, and other damages to be determined at trial. Browder claims compensatory damages for these losses and injuries under § 102 of the Civil Rights Act of 1991, 42 U.S.C §1981a.

## SECOND CLAIM FOR RELIEF
### (Retaliation in Violation of Title VII)

30. Browder incorporates by reference the allegations set forth above in Paragraphs 1 through 29.

31. Defendant's conduct in subjecting Browder to the above-described adverse employment actions is in violation of §704 of Title VII, 42 U.S.C §2000e-3(a).

32. The effect of these statutory violations was to deprive Browder of rights and privileges enjoyed by persons who have not engaged in activities protected by Title VII.

33. These statutory violations were intentional.

34. These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Browder's federally protected rights.

35. As a result of the actions of Defendant, Browder suffered damages.

WHEREFORE, Derek Browder respectfully requests that this Court enter judgment in his favor and against Defendant, and award him damages for back pay, front pay and benefits, personal humiliation, severe emotional pain, inconvenience, mental anguish, future pecuniary loss and loss of enjoyment of life, punitive damages, liquidated damages, penalties, costs, interest and expert fees, attorney's fees, and such other and further relief as this Court deems proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated this 2nd day of March, 2017.

                                              BACHUS & SCHANKER, LLC

                                              *s/ Sara A. Green*
                                              _____
                                              Sara A. Green
                                              1899 Wynkoop Street, Suite 700
                                              Denver, CO 80202
                                              303-893-9800